**AMERICAN FIDELITY AND CASUALTY COMPANY, Inc., Appellant,**

v.

**The LONDON AND EDINBURGH INSURANCE COMPANY, Limited, and The Dominion Insurance Company, Limited, Appellees.**

No. 10012.

United States Court of Appeals Fourth Circuit.

Argued Nov. 5, 1965.

Decided Dec. 2, 1965.

---

Alan G. Fleischer, Richmond, Va. (Hirschler & Fleischer, Richmond, Va., on brief), for appellant.

William R. Cogar, Richmond, Va. (John S. Davenport, III, Richmond, Va., and Harold Davis, New York City, on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and ALBERT V. BRYAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

The American Fidelity Insurance Company seeks to recover the sum of $47,-333.11 alleged to be due it by way of reimbursement of Federal Reinsurance Taxes paid pursuant to a reinsurance treaty with The London and Edinburgh

Insurance Company and The Dominion Insurance Company. The latter two companies being foreign, federal stamp taxes were payable on the reinsurance premiums. 26 U.S.C.A. § 4371. This tax is payable by any of the parties to a taxable transaction. Treas.Reg. § 47.4384.1. Upon cross motions for summary judgment the district court granted the motion of the reinsurers [London and Edinburgh, and Dominion] and denied the motion of the reinsured.

Paragraph 1 of Article V of the treaty provides for a provisional premium of 8% of total net earned premiums of the reinsured. Paragraph 2 provides for a "formula" premium to be based on the amount of claims paid by the reinsurers but not to be more than 12% nor less than 4% of net earned premiums of the reinsured. Paragraph 4 provides for the payment of Reinsurance Taxes. It states:

"Underwriters will make an allowance of 1% of all remittances due hereunder as a contribution towards the Federal Reinsurance Tax payable by the reinsured."

Article VII allows a portion of the premiums payable to be held by the reinsured in a reserve fund. It reads in part:

"67½% of the premiums payable to the Reinsurer hereunder shall be withheld by the Company [American Fidelity] for the purpose of securing the prompt payment of obligations of the Reinsurer hereunder. These funds * * * shall be held under the sole and absolute control of the Company."

The dispute here arises over the meaning of the phrase "remittances due hereunder" in paragraph 4 of Article V. American Fidelity contends that it refers to the total premiums which are provided for in the same article and just prior to the allowance while the reinsurers contend that the words themselves, "remittances due," indicate that it refers only to the 32½% actually to be transmitted to the underwriters.

■ The fact that both sides moved for summary judgment does not establish that there is no issue of fact and require that judgment be granted for one side or the other. A party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted. Hindes v. United States, 326 F.2d 150, 152 (5 Cir. 1964), cert. denied, 377 U.S. 908, 84 S.Ct. 1168, 12 L.Ed.2d 178; 3 Barron and Holtzoff § 1239 (Wright ed. 1958). In order to grant a motion for summary judgment it must be shown "that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Not merely must the historic facts be free of controversy but also there must be no controversy as to the inferences to be drawn from them. It is often the case that although the basic facts are not in dispute, the parties nevertheless disagree as to the inferences which may properly be drawn. Under such circumstances the case is not one to be decided on a motion for summary judgment. S. J. Groves & Sons Co. v. Ohio Turnpike Comm., 315 F.2d 235, 237 (6 Cir. 1963), cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed. 2d 57; Girard v. Gill, 261 F.2d 695, 697 (4 Cir. 1958). Thus both motions must be denied if a genuine issue of fact or inference from fact is presented. Utica Mutual Insurance Company v. Rollason, 246 F.2d 105, 108 (4 Cir. 1957).

■■ We find that the words of the reinsurance treaty are ambiguous. The phrase "remittances due hereunder" when considered in the context of the entire contract is susceptible of two reasonable interpretations. Though there is no disagreement as to the words themselves there is disagreement as to their meaning. "When it is once established that the contract is ambiguous then the meaning of its terms is a matter of fact." Northern Pac. Ry. Co. v. United States, 188 F.2d 277, 280 (8 Cir. 1951); Severson v. Fleck, 251 F.2d 920, 923 (8 Cir. 1958). Even though a contract may be integrated, if its terms are ambiguous parol evidence may be admitted. Re-

statement, Contracts § 230. Thus since the existence of ambiguous terms creates an issue of fact the granting of summary judgment for either side is improper. We therefore remand the case in order that the court may take evidence on this issue.

Reversed and remanded.