**NAFCO OIL AND GAS, INC., a corporation, Appellant,**

v.

**Nathan APPLEMAN, Appellee.**

**No. 8772.**

United States Court of Appeals
Tenth Circuit.

July 3, 1967.

Rehearing Denied Aug. 8, 1967.

Thomas H. Lee, Houston, Tex. (Thomas J. Binig, Houston, Tex., with him on the brief), for appellant.

A. F. Ringold, Tulsa, Okl. (C. H. Rosenstein, Tulsa, Okl., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

SETH, Circuit Judge.

This action was brought by the appellee, who was the grantor in a conveyance of certain oil and gas interests, against the successor in interest of the original grantee. The action is for a declaratory judgment seeking to establish the grantor's right to receive $1,000 a month for audit and overhead expense from the grantee for so long as a production payment reserved in the conveyance remains in effect.

Both parties sought summary judgment in the trial court and judgment was entered in favor of the plaintiff.

The trial court concluded that the audit and overhead expense provision of the conveyance was ambiguous and incomplete because it did not name the person to whom payment was to be made for such expenses nor the length of time over which payment was to be made; and consequently, parol evidence was admissible to ascertain the intent of the parties to the agreement. From the evidence before it, which was primarily depositions and letters of the interested parties and the evidence as to how the parties had construed the contract over a period of several years, the trial court concluded that the parties had agreed that the grantor-plaintiff was to receive the $1,000 per month so long as the production payment payable to the grantor remained in effect.

The contract provision contained in the conveyance of the oil and gas rights with a reservation of a production payment, and which was the subject of the litigation, reads as follows:

"(1) There shall first be taken, as incurred, the amount of all of Grantee's direct outlays * * * in developing, equipping and operating the oil and gas leases * * * to the extent of Grantor's interest therein hereby conveyed and assigned, including outlays in the nature of delay rentals on undeveloped acreage and direct taxes, * * * There shall also be added to the expenses of the Grantee as set forth above a fixed charge for audit and overhead expense of $807.70 per month * * *."

There is no issue but that the appellee is the grantor as appears in the above quotation, and that the appellant corporation as successor in interest is the grantee therein. A similar contract was executed by appellee's wife as grantor with a similar charge for a part of the overhead expense, but in a lesser amount. For the purpose of trial and appeal, the parties considered both contracts as one.

■ The record before us does not of course disclose the exact theories upon which the parties relied to support their cross-motions for summary judgment. The appellant here has advanced alternative arguments to show that the disposition of the action by summary judgment was improper. The first argument is that the trial court was in error in considering parol evidence to interpret the contract provisions since the contract was complete on its face. Secondly, the appellee urges that even if parol evidence were properly admissible to determine the intent of the parties and the meaning of the contract, the evidence the court considered did not establish the right of the appellee to receive the monthly payments for the term of the reserve production payments. The standards relating to summary judgment are of course well established, and it must be clear that no material issue of fact has survived the pretrial proceedings. Frey v. Frankel, 361 F.2d 437 (10th Cir.); Norton v. Lindsay, 350 F.2d 46 (10th Cir.); Singer v. Rehm, 334 F.2d 240 (10th Cir.).

■ On this appeal if it is assumed that the trial court properly concluded as a matter of law that the questioned provision in the contract was ambiguous or incomplete, then it became necessary that facts be established by parol evidence from which the court could construe the contract. The trial court here did so and made findings relative to the intent of the parties from the depositions, affidavits, and exhibits. This intent of the parties under this theory was a material issue of fact not disposed of by the pretrial proceedings. It was an issue upon which the court had before it evidence giving rise to several inferences, and consequently, disposition of the case by summary judgment was error.

■ The appellee urges that since both parties filed motions for summary judgment in the trial court this constituted an acknowledgment by the appellant that there was no material issue of fact remaining for the trial court, and thus summary judgment was appropriate. We do not agree. The filing

of cross-motions for summary judgment does not necessarily concede the absence of a material issue of fact. This must be so because by the filing of a motion a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted. Summary judgment is not a substitute for trial and in the event that cross-motions have been filed and material issues of fact remain, a trial must of course be had. American Fid. & Cas. Co. v. London & Edinburgh Ins. Co., 354 F.2d 214 (4th Cir.); Union Ins. Soc. v. William Gluckin & Co., 353 F.2d 946 (2d Cir.); Jacobson v. Maryland Cas. Co., 336 F.2d 72 (8th Cir.); 6 Moore, Federal Practice § 56.13 (2d ed. 1966).

The trial court's summary judgment disposing of the "audit and overhead expense" provision of the contract is reversed, and the case is remanded.