ROBERT T. McLAIN AND JANET W. McLAIN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4891–76.   Filed February 3, 1977.

*Julian P. Kornfeld* and *Tom G. Parrott,* for the petitioners. *Thomas J. Miller,* for the respondent.

### OPINION

GOFFE, *Judge:* On November 18, 1976, petitioners filed a motion for summary judgment under Rule 121, Tax Court

---

Rules of Practice and Procedure. Respondent filed a notice of objection, petitioners filed a response thereto, and the matter was argued before the Court in Oklahoma City on December 14, 1976. At that time the Court directed the parties to file memoranda briefs which petitioners and respondent filed on January 7, 1977, and January 13, 1977, respectively. The parties stipulated certain facts, some with qualification which will be described in detail in a subsequent portion of this opinion.

Petitioners and others owned the issued and outstanding capital stock of McLain Investment Co. and Bunte Candies, Inc., both Oklahoma corporations. On September 1, 1972, Bunte purchased for promissory notes having a face value of $1 million, all of the issued and outstanding stock of McLain Investment. All of the stock of McLain Investment at that time was owned by petitioners and by Mason McLain, brother of petitioner Robert T. McLain, who held 24,000 shares as trustee under a trust agreement for the benefit of petitioners' five children. No dispute exists between the parties as to the record and beneficial ownership of all of the issued and outstanding stock of McLain Investment.

The record ownership of the issued and outstanding shares of Bunte Candies is not disputed by the parties but the beneficial ownership of some of the shares is in dispute. The dispute centers around shares of voting common stock and nonvoting preferred stock transferred to Julian P. Kornfeld, petitioners' attorney, on December 21, 1970. At that time the parties agree that 2 shares of the voting common stock of Bunte were transferred from petitioner Robert T. McLain to Kornfeld in exchange for Kornfeld's check for $20. On the same date, 34,801 shares of nonvoting preferred stock of Bunte were transferred from McLain Investment to Kornfeld in exchange for Kornfeld's non-interest-bearing note in the amount of $34,801. On December 1, 1971, Kornfeld paid $5,000 on the said note and Kornfeld then executed a note in the amount of $29,801, bearing interest at the rate of 7 percent per annum. On October 2, 1972, record ownership of 10,000 shares of nonvoting preferred stock of Bunte was transferred from Kornfeld to the Bunte Candies, Inc., Employee Profit Sharing Trust for $10,000 and on the same date record ownership of 24,801 shares of nonvoting preferred

stock of Bunte was transferred from Kornfeld to Mason McLain for $26,850. Two days later, Kornfeld paid $31,539.32 to McLain Investment, consisting of $29,801 outstanding principal and $1,738.32 accrued interest.

On September 30, 1972, all of the assets of McLain Investment were distributed to Bunte pursuant to a plan of complete liquidation.

In order to best visualize the sequence of events, the following table is included to depict the events crucial to the issue in this case.

| | |
|---|---|
| Dec. 21, 1970 | Two shares of voting common and 34,801 shares of nonvoting preferred stock of Bunte transferred to Kornfeld for cash and non-interest-bearing note. |
| Dec. 1, 1971 | Kornfeld paid $5,000 on non-interest-bearing note and executed an interest-bearing note. |
| Sept. 1, 1972 | Bunte acquired all of the issued and outstanding stock of McLain Investment. |
| Sept. 30, 1972 | McLain Investment liquidated and all assets transferred to Bunte. |
| Oct. 2, 1972 | Kornfeld transferred 10,000 shares of nonvoting stock of Bunte to its employee trust for $10,000, and transferred the remaining 24,801 in his name to Mason McLain for $26,850. |
| Oct. 4, 1972 | Kornfeld paid $31,539.32 to extinguish his indebtedness to McLain Investment and accrued interest. |

The beneficial ownership of the Bunte shares in Kornfeld's name on the date that Bunte acquired all of the McLain Investment stock is critical in this case because it will resolve the question of whether petitioners lacked the necessary control of Bunte so that the sale of their McLain Investment shares to Bunte does not fall within section 304(a)(1) of the Code[1] and, therefore, qualifies for capital gain treatment. If it is determined that petitioners beneficially owned either the 2 shares of voting common stock or, through attribution rules, the 34,801 shares of nonvoting preferred stock or that they owned both blocks of stock, petitioners contend that they are, nevertheless, entitled to capital gain treatment because the "redemption" would be substantially disproportionate under section 302(b)(2).

Also pending before the Court is the case filed by Bunte Candies, Inc., docket No. 4882–76. That case involves whether Bunte is entitled to a "stepped-up" basis under section

---

[1] All Code references are to the Internal Revenue Code of 1954, as amended.

334(b)(2) of the Code and will be resolved by the application or nonapplication of section 318(a). The resolution of that issue turns upon whether Bunte is deemed to own the disputed shares, i.e., if they are beneficially owned by Kornfeld, they will not be deemed to be owned by Bunte under section 318(a).

Both the instant case and the Bunte case are set for trial in Oklahoma City on the session commencing April 11, 1977. None of the parties has requested that the cases be consolidated for trial, brief, or opinion, but petitioners McLain indicate in their memorandum brief that they would oppose consolidation.

For purposes only of our ruling on petitioners' motion for summary judgment, they are willing to admit that the disputed shares were not beneficially owned by Kornfeld but they reserve the right to litigate the beneficial ownership of the shares in the Bunte case.

The narrow question we must decide at this point is whether grounds exist for us to consider a motion for summary judgment based in part on crucial facts conceded for purposes of the motion but remaining for adjudication which will resolve an issue in a related case.

The Court's Rule 121 was adopted from rule 56, Federal Rules of Civil Procedure. *Julius E. Hoeme,* 63 T.C. 18, 21 (1974). Courts have held it proper to grant a motion for summary judgment under rule 56, Federal Rules of Civil Procedure, if the moving party concedes that there is no issue of fact if his legal theory is accepted and yet maintains that there is a genuine dispute as to material facts if his opponent's theory is adopted. *American Fidelity & Casualty Co. v. London & Edinburgh Ins. Co.,* 354 F.2d 214 (4th Cir. 1965); *Begnaud v. White,* 170 F.2d 323 (6th Cir. 1948).

The Tenth Circuit has held that if such facts are conceded for purposes of the motion for summary judgment, denial of the motion leaves the facts subject to dispute. *United States v. Mills,* 372 F.2d 693, 697 (10th Cir. 1966); *Nafco Oil & Gas Co. v. Appleman,* 380 F.2d 323, 325 (10th Cir. 1967).

We agree with the quotation from petitioners' memorandum brief from *Broderick Wood Products Co. v. United States,* 195 F.2d 433, 435 (10th Cir. 1952): "The purpose of the rule [Fed. R. Civ. P. 56] is to provide against the vexation and delay which comes from the formal trial of cases in which there is

not substantial issue of fact, and to permit expeditious disposition of cases of that kind." Nevertheless, the Tenth Circuit, to which an appeal in the instant case will lie, has also stated: "It [motion for summary judgment] was not intended to and should not be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends." *Blood v. Fleming,* 161 F.2d 292, 295 (10th Cir. 1947).

Petitioners also rely upon *Detroit Bank & Trust Co. v. United States,* an unreported case (E.D. Mich. 1971, 27 AFTR 2d 71–1838, 71–1 USTC par. 12,783), revd. 467 F.2d 964 (6th Cir. 1972), on remand 369 F.Supp. 672 (E.D. Mich. 1974), but it does not stand for the proposition they urge upon us. Indeed, we have found no authority directly in point. If the McLain case were standing alone and there were no Bunte case, we would not find our task difficult but we cannot ignore the fact that the facts conceded in McLain remain in dispute in a related case, Bunte, also pending before us, which is set for trial at the time the McLain case is set. Although Attorney Kornfeld represented to the Court that the Bunte case might be susceptible of settlement, at this point it remains set for trial. Because the issue of the beneficial ownership of stock in Kornfeld's name is contested and must be tried in the Bunte case, it is difficult to see how time and expense can be saved if the identical issue is not tried in the McLain case.

Petitioners go to great length to point out that petitioners McLain and petitioner Bunte are separate parties and in their brief petitioners discuss the applicability of collateral estoppel. Petitioners also advise the Court that they will oppose consolidation of the cases for trial, brief, and opinion. There is no need to be concerned with collateral estoppel if the cases are consolidated. Both petitioners McLain and petitioner Bunte were parties to the series of transactions which gave rise to the issue of fact common in both cases, and Attorney Kornfeld is attorney of record in both cases.

The Court, on its own motion, will consolidate the cases for trial, brief, and opinion, and the Court will not therefore,

consider petitioners' motion for summary judgment based, in part, upon a conditional concession of fact.

*An appropriate order will be entered.*