MARCO J. SORTILLON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sortillon v. Commissioner
Docket No. 2108-79.
United States Tax Court
T.C. Memo 1979-281; 1979 Tax Ct. Memo LEXIS 241; 38 T.C.M. (CCH) 1097; T.C.M. (RIA) 79281; July 26, 1979, Filed Marco J. Sortillon, pro se. Edgar G. Rios, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on the petitioner's motion for summary judgment. Respondent filed an objection to the motion and a memorandum of points and authorities. Petitioner also filed points and authorities in support of his motion. A hearing on the motion was *242 held on June 11, 1979, at Los Angeles, California. The pertinent facts may be summarrized as follows: Respondent determined a deficiency of $6,963.34 in petitioner's Federal income tax for the year 1976. The explanation of adjustments, which is a part of the deficiency notice, reads in part: It is determined that you have gross income in the form of wages of $24,196.69 as reported on form W-2 from your employer, Flour Engineers and Constructors. Therefore, your gross income is increased $24,196.69. You are allowed the maximum standard deduction of $1,400.00 for an individual married filing separately in determining taxable income, and your tax is computed by use of tax rates. You have been allowed a personal exemption for yourself. Therefore, your taxable income is decreased $750.00. You are not allowed exemptions for your spouse or for your six children, Marc, Mitchell, Marty, Marie, Michele, and Matthew. You have not established that these individuals meet the requirements of the Internal Revenue laws regarding exemptions for dependents. You have not established that your spouse did not have taxable income or that she did not file a tx return of her own and claim *243 the same children as exemptions. On February 22, 1979, the petitioner filed a petition with this Court seeking a redetermination of the entire deficiency assigning six errors to respondent's determination. On April 6, 1979, respondent filed his answer denying the assignments of error and the facts alleged by the petitioner. It appears from statements made in petitioner's motion and supporting materials that he is conceding he received compensation from Fluor Engineers and Contractors during 1976, but that he is disputing the full taxable nature of such compensation on various constitutional grounds. On his individual Federal income tax return, which is incomplete and inadequate in many respects, the petitioner claimed dependency exemptions for his spouse and six children. The facts are in dispute regarding the employment status and income producing activity of his spouse, and the age, student status and income producing activities of his children. These facts are material for determining whether petitioner is entitled to the claimed dependency exemptions under section 151 and 152, Internal Revenue Code. [1]
*244 Since there are obviously genuine issues of material facts present in this case, it is clear that the petitioner is not entitled to summary judgment as a matter of law. See Rule 121(b), Tax Court Rules of Practice and Procedure; McLain v. Commissioner,67 T.C. 775, 778-779 (1977); Blood v. Fleming,161 F.2d 292, 295 (10th Cir. 1947). Petitioner advances several procedural and constitutional arguments in connection with his motion, all of which lack merit. First, he entertains the erroneous belief that respondent, by answering his petition, is under a legal obligation to state a claim upon which relief can be granted. Rule 36, Tax Court Rules of Practice and Procedure, imposes no such requirement on the respondent. The rule merely requires that the answer be drawn in a manner that will advise the petitioner and the Court of the nature of the defense. A specific admission or denial of each material allegation in the petition is sufficient under Rule 36(b). Second, the petitioner contends that Article I, Section 8 of the Constitution of the United States prohibits the imposition of any tax, either direct or indirect, on his compensation for *245 services rendered to Fluor Engineers and Contractors, Inc. The contention is erroneous. Article i, Section 8, Clause 1 of the Constitution provides, in pertinent part, that: The Congress shall have Power to lay and collect Taxes, Duties, Imposts and Excises, * * *. The authority conferred upon Congress by Section 8 of Article I is exhaustive and embraces every conceivable power of taxation. See Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916). Prior to the adoption of the Sixteenth Amendment, this complete and all-embracing taxing power was subject to limitations resulting from the requirement of Article I, Section 8, Clause 1 that "all Duties, Imposts and Excises shall be uniform throughout the United States"; and the limitations of Article I, Section 2, Clause 3 that "direct Taxes shall be apportioned among the several States"; and of Article I, Section 9, Clause 4 that "No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken." However, these provisions of Article I of the Constitution must be read in conjunction with the Sixteenth Amendment which provides: The Congress shall *246 have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration. The very purpose of the Sixteenth Amendment was to exempt taxes on income from the apportionment requirement otherwise applicable to direct taxes. Bowers v. Kerbaugh-Empire Co.,271 U.S. 170 (1926); Brushaber v. Union Pac. R.R. Co.,supra.Consequently, by operation of the Sixteenth Amendment, the Congress can lay and collect taxes on personal incomes without violating other provisions of the Constitution. Petitioner's assertions that he is not a corporation and that he has not been granted any license by the Federal government to engage in his occupation are totally irrelevant and immaterial to the issues in this case. They apparently stem from the position he pursues, i.e., his compensation for services rendered is not income with the meaning of the Sixteenth Amendment, and therefore not subject to a direct tax. According to his logic, if he were a corporation or had been granted a license by either the State or Federal government, then Congress could impose an indirect *247 excise tax. However, he argues that since he enjoys no such privilege and the compensation he received from Fluor Engineers and Contractors, Inc. is not income within the meaning of the Sixteenth Amendment, then Congress is supposedly powerless to tax his income. This position is also erroneous. The Sixteenth Amendment empowers Congress to lay and collect taxes on incomes from whatever source derived. Pursuant to such power, Congress has enacted the Internal Revenue Code of 1954 which contains section 61(a) defining "gross income" as "income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items." The constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,supra;Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). *248 Furthermore, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co.,157 U.S. 429 (1895), which held unconstitutional the income tax of 1894 as a direct tax without apportionment. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co.,supra at 18, was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Thus, since the ratification of the Sixteenth Amendment it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. Petitioner has also advanced several arguments based on the First, Fourth Fifth, Ninth and Tenth Amendments to the Constitution. They are frivolous and groundless with respect to the income adjustments involved in this case. See Cupp v. Commissioner,supra at 77-84; Hatfield v. Commissioner,68 T.C. 895 (1977); Roberts v. Commissioner,62 T.C. 834 (1974). The petitioner has not stated why he thinks his First Amendment rights have been violated, *249 and it would be pure guesswork for us to speculate on his bold assertion. In any event, broad and general First Amendment arguments have been previously rejected in Muste v. Commissioner,35 T.C. 913 (1961), and United States v. Malinowski,472 F.2d 850, 857 (3d Cir. 1973). Petitioner's claim that his Fourth Amendment rights were violated by respondent must be rejected because respondent made no search or seizure of petitioner's records. He used reasonable methods for determining the income tax deficiency. Clearly there was no violation of the "due process" clause of the Fifth Amendment by respondent; and petitioner's argument that any compelled disclosure is in violation of his rights against self-incrimination is also without substance since the only purpose of this case is to determine the existence of an asserted Federal tax liability, a proceeding civil, not criminal, in nature. See Hartman v. Commissioner,65 T.C. 542, 547 (1975), and cases cited therein. Finally, it is clear that the Ninth and Tenth Amendments do not impinge on the provisions of the Sixteenth Amendment in these circumstances. In short, the petitioner's *250 constitutional arguments are all wide of the work and completely lacking in substance. Next the petitioner contends that the payroll checks he received as compensation (totaling $24,196.60) for services rendered to Fluor Engineers and Contractors, Inc. were merely "notes" which had a fair market value of only $1,792.35 in "legal tender standard money in accordance with Title 31, sections 314 and 392, United States Code." We likewise consider this contention frivolous. What the petitioner got from his employer was in essence money having a face value equal to the amount of the payroll checks he received. This Court has consistently upheld the constitutional taxability of Federal Reserve notes as income and always at their face value--not a discounted specie dollar value. We noted in Hartfield v. Commissioner,supra at 897: The courts have uniformly held that Federal Reserve notes constitute legal tender-- "money"--which must be reported on a taxpayer's return in accordance with his method of accounting; and they have uniformly rejected, in a summary fashion, all arguments to the contrary. * * * We continue to adhere to this position. See also Sibla v. Commissioner,68 T.C. 422, 430-431 (1977); *251 Gajewski v. Commissioner,67 T.C. 181, 193-194 (1976), affd. without opinion 578 F.2d 1383 (8th Cir. 1978); Hartman v. Commissioner,supra at 547; Cupp v. Commissioner,supra at 84. Accordingly, we conclude that petitioner's motion for summary judgment is baseless and should be denied. An appropriate order will be entered. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩