RADIATOR SPECIALTY COMPANY, a Corporation, Plaintiff–Appellant,

v.

FIRST STATE INSURANCE COMPANY, a Corporation, Defendant–Appellee.

No. 87–2015.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1987.

Decided Nov. 24, 1987.

E. Fitzgerald Parnell, III (Hugh B. Campbell, Jr., Judith A. Starrett, Kevin L. Barnett, Weinstein & Sturges, P.A., Charlotte, N.C., on brief), for plaintiff-appellant.

Robert Hugh Pryor (Robert B. Cordle, Smith, Helms, Mulliss & Moore, Charlotte, N.C., on brief) for defendant-appellee.

Before WIDENER, SPROUSE and WILKINS, Circuit Judges.

PER CURIAM:

Radiator Specialty Company appeals the entry of summary judgment in favor of First State Insurance Company. We affirm.

Radiator Specialty purchased excess products liability coverage from First State under two umbrella policies. The first policy covered the period from May 1, 1979 to May 1, 1980 and the second from May 1, 1980 until it was cancelled by Radiator Specialty on November 13, 1980. As required by the policies, Radiator Specialty maintained $500,000.00 underlying coverage with Ambassador Insurance Company.

---

Ambassador was subsequently declared insolvent.

During the period the umbrella coverage was in effect, seven products liability claims arose against Radiator Specialty. Radiator Specialty paid a total of $286,-784.06 on five of these claims due to the insolvency of Ambassador. One of the claims is still pending and another was settled pending this appeal.

Radiator Specialty instituted this suit seeking a declaration that the excess policies required First State to assume the role of primary carrier due to the insolvency of Ambassador. It asserted that provisions in the policies created an ambiguity as to who would be responsible for paying claims in the event the primary carrier became insolvent. Since the policies did not address the consequences of the insolvency of the primary carrier, it urged the conclusion that the responsibility should fall to the excess carrier. On cross motions for summary judgment, the district court entered judgment for First State.

The district court's well-reasoned opinion thoroughly addressed these issues. Our review of the record convinces us that the policies are unambiguous and that summary judgment was properly granted. *American Fidelity & Casualty Co. v. London & Edinburgh Insurance Co.*, 354 F.2d 214, 217 (4th Cir.1965). We therefore affirm on the opinion of the district court. *Radiator Specialty Co. v. First State Insurance Co.*, 651 F.Supp. 439 (W.D.N.C.1987).

AFFIRMED.