835 F.2d 873
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BLUEFIELD ASSOCIATES, a West Virginia Limited Partnership,
Plaintiff-Appellant,
v.
RARCO-BLUEFIELD, a North Carolina Limited Partnership,
Defendant-Appellee.
 No. 87-1521.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 7, 1987.
Decided Dec. 7, 1987.
 
 Harry Clabaugh Hewson (Jones, Hewson & Woolard, on brief), for appellant.
 Robert C. Stephens (Robert B. McNeill; Horack, Talley, Pharr & Lowndes, on brief), for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Appealing from a judgment entered on a verdict, Bluefield Associates contends that the district court erred in submitting one issue to the jury. Bluefield also contends that the district court should have entered judgment notwithstanding the verdict. We conclude that the issue in question was properly submitted to the jury and that there was sufficient evidence to support the jury's verdict.
 
 
 2
 * On November 3, 1981, Bluefield agreed to purchase a shopping center from RARCO-Bluefield (RARCO), the developer. As part of the purchase price, Bluefield gave RARCO a promissory note with an original principal balance of $3,430,000. The note required the parties to adjust the principal balance using a formula based on the shopping center's cash flow. One component of this formula was the "Annualized Determination Month Cash Flow." This included "all income of the [shopping center] Project for the Determination Month annualized on an accrual basis, less the total of all expenses of the Project for the Determination Month annualized on an accrual basis...." The parties agreed on March 1983 as the Determination Month.
 
 
 3
 The project's income consisted of rent charged to shopping center tenants. One tenant, Deskins supermarket, did not open for business until March 28, 1983. Pursuant to its lease, Deskins owed no rent until it opened for business. Deskins thus owed only four days' rent, or $1,223.28, for March 1983. Deskins refused to pay this amount, however, because of construction delays. RARCO finally paid the rent for March 1983 on behalf of Deskins.
 
 
 4
 At closing, the parties disagreed over whether to include the Deskins rent in adjusting the principal balance of the note. Bluefield filed a declaratory judgment action, contending that the Deskins rent was not "income of the project" because it was paid by RARCO and not by Deskins. The district court agreed and granted summary judgment for Bluefield. A panel of this court reversed and remanded for trial, holding that a jury could have found that the Deskins rent was "income of the project." Bluefield Associates v. RARCO-Bluefield, No. 85-1191 (4th Cir. January 26, 1986) (unpublished opinion).
 
 
 5
 On remand, the jury found that the Deskins rent was indeed income of the project for March 1983. The parties do not appeal from the judgment entered upon that portion of the verdict. This dispute concerns how that income is annualized in adjusting the principal balance of the note. At trial, Bluefield contended that the four days' rent for March 1983 should be annualized by multiplying it by twelve. Under this theory, the adjusted principal balance of the note would be $1.27 million. RARCO contended that four days' rent should be annualized by dividing by four to get a daily rent figure and then multiplying that daily figure by 365. Under this theory, the adjusted principal balance of the note would be $2.0 million. The district court submitted this issue to the jury over the objection of Bluefield. The jury returned a verdict consistent with RARCO's theory of annualization. The district court denied Bluefield's subsequent motion for judgment notwithstanding the verdict.
 
 II
 
 6
 Bluefield first contends that the district court erred in allowing the jury to determine how to annualize the Deskins income. Bluefield argues that "annualized" is unambiguous and can only mean "multiplied by twelve" as used in this note. Bluefield therefore contends that the meaning of the term "annualized" was not for the jury to determine. Bluefield also argues that RARCO's answer admitted that the March 1983 income from the other tenants was annualized by multiplying it by twelve. Bluefield contends that this "binding admission" required the district court to rule that "annualized" meant "multiplied by twelve" in this case.
 
 
 7
 These arguments are not persuasive. "Annualized" cannot mean only "multiplied by twelve" as used in this note. The parties' treatment of annualized expenses indicates otherwise. The note required the parties to annualize both income and expenses for March 1983. Expenses included items such as management fees, snow removal, real estate taxes, insurance, etc. Some of these expenses were not incurred every month. Bluefield never contended that these expenses were annualized by taking those actually incurred in March 1983 and multiplying them by twelve. Instead the parties apparently annualized expenses in some other manner. This indicates that the parties contemplated that "annualized" did not necessarily mean "multiplied by twelve."
 
 
 8
 This conclusion is not changed by RARCO's answer admitting that the income from the other tenants was annualized by multiplying by twelve. All other tenants were open for business during all of March 1983. Each owed a full month's rent. As RARCO's expert testified, annualizing a full month's rent by multiplying it by twelve was entirely consistent with RARCO's theory of annualization. Moreover, RARCO originally contended that the income for March 1983 included a full month's rent from Deskins, not just four days. RARCO never admitted that less than a full month's rent would be annualized by multiplying it by twelve.
 
 
 9
 In sum, the term "annualized" as used in this note was reasonably susceptible of more than one meaning. Its meaning as used in the note was thus a question of fact which the district court properly submitted to the jury. American Fidelity & Casualty Co. v. London & Edinburgh Insurance Co., 354 F.2d 214, 216 (4th Cir.1965).
 
 III
 
 10
 Bluefield also contends that the district court erred in refusing to grant judgment notwithstanding the verdict. In addressing this contention, our inquiry is simply whether the evidence was sufficient to permit a jury rationally to find in favor of RARCO on the issue of annualization of income. Miller v. Premier Corp., 608 F.2d 973, 981 (4th Cir.1979).
 
 
 11
 RARCO offered the expert testimony of Mr. Donald Pesta, an attorney and certified public accountant with extensive experience in real estate taxation and consulting. Pesta testified as to the general meaning of "annualized" in the accounting profession. He also gave his expert opinion on how the Deskins income should be annualized. Pesta testified as follows:
 
 
 12
 Q: In the business of accounting does the term annualized have a recognized meaning?
 
 
 13
 A: Yes, sir, it does.
 
 
 14
 Q: What is that?
 
 
 15
 A: The definition of annualized in accounting, and I believe in the legal sense, it means to take something that is less than or greater than a year and put it on a yearly basis. An example would be if you're paid $10,000 a week then put in on an annualized basis.... 10,000 a week, that would be 52 weeks, $520,000.... It's important to put something on an annual basis for comparative purposes and because things occur in partial periods. For example, five days into a year or 302 days into a year becomes important in some contexts to determine what the annual amount would be.
 
 ZA
 
 16
 A: Mr. Pesta, if the jury should find that Plaintiff received income of $1223.28 for four days of rent in March of 1983 by reason of the Deskins lease, do you have an opinion how to annualize that figure?
 
 
 17
 A: Yes, sir, I do.
 
 
 18
 Q: What is that opinion?
 
 
 19
 A: Okay, if the assumption is that the rent for four days is $1223.28, then that represents four days. The way I as an accountant would annualize that would be to take that number, divide it by four, which is the number of days, to come up with the daily amount, the 305.82, and multiply times 365, the number of days in the year, to get the annual amount, which is $111,625. (Objections and rulings omitted).
 
 
 20
 Bluefield neither impeached Pesta's testimony nor offered any conflicting expert testimony on the definition of "annualized." The jury could have properly relied on Pesta's testimony in reaching its verdict. The district court correctly denied Bluefield's motion for judgment notwithstanding the verdict.
 
 
 21
 AFFIRMED.