## CIRCUIT COURT OF FAIRFAX COUNTY

Fried et al.

v.

Steven C. Smith

November 14, 1990

Case No. (Law) 96028

By JUDGE THOMAS S. KENNY

This case is before the Court upon the parties' cross motions for summary judgment. Specifically, both parties have requested that this Court construe what, if any, are the obligations of the defendant to the plaintiffs under a lease guaranty. The following facts are pertinent to this action.

In May of 1986, the plaintiffs in this action entered into an agreement, the "Master Agreement," with the defendant Steve Smith and others, which allowed the defendant to acquire stock in five of the plaintiffs' corporations.[1] On the same date, pursuant to this Master Agreement, the parties executed Corporate Management and Shareholder Agreements ("Management Agreements") for each of the corporations to reflect the addition of Smith as a shareholder. Finally, pursuant to these Management Agreements, three of the corporations entered into lease agreements for various real estate parcels owned by plaintiffs, with the defendant giving a personal guaranty on each of the

---

[1] One of the corporations was a holding company for two operating subsidiaries, so a total of six operating corporations were involved in the May, 1986, Agreement.

leases. M & M Pontiac, Ltd., the subject of this litigation, was one of the corporations with a lease and guaranty agreement.

On May 19, 1988, the plaintiffs and defendant entered into a Stock Purchase Agreement which explicitly terminated (or modified) all prior agreements between the parties with respect to five of the six operating corporations, as well as the Master Agreement. Since the effect of the 1988 Agreement was to disengage the parties from their ongoing business dealings, I will refer to this contract as the "Unwinding Agreement." The Unwinding Agreement also purported to release all other obligations between the parties, using the following language:

> 6. *Releases*
>
> (a) As of the Closing Date [May 19, 1988], the Frieds and each of them, release and forever discharge the Smiths, and each of them, and each of the Corporations and their respective officers and directors from any and all claims, demands or causes of action that the Frieds, or either of them, have or might have against them, or any of them, from the beginning of time to the date of closing, including, but not limited to, any and all liabilities, obligations and duties of the released parties, or any of them, to the Frieds, or either of them, under written agreements or otherwise, but excluding specifically [certain agreements not relevant to this litigation] . . . .

M & M Pontiac, Ltd., the sixth corporation, was not a party to the May, 1988, agreement. Over the course of time and before the Unwinding Agreement of May, 1988, both the plaintiffs and defendant had allowed the stock of M & M Pontiac, Ltd., to be acquired by a third party, Michael Hayman, who indemnified Smith under his lease guaranty. In 1989, M & M Pontiac filed bankruptcy and the lease was assigned to Dave Perno Pontiac with the consent of the plaintiffs but without the consent of the guarantor, Mr. Smith. Dave Perno subsequently defaulted on the lease, and the plaintiffs brought this action to

enforce the defendant's guaranty on the M & M lease. The default on the lease currently exceeds $300,000.00.

Plaintiffs have moved for summary judgment against Smith, relying on the plain language of the guaranty that his liability under it will survive any assignment of the lease. Defendant, on the other hand, has moved for summary judgment in his favor, relying on the release provisions of the May, 1988, agreement quoted above.

In determining whether summary judgment is appropriate in a given case, this Court is guided by certain principles. First, summary judgment is appropriate only when there are no material issues of fact yet to be resolved. Va. Sup. Ct. R. 3:18. Second, the remaining issues must be solely questions of law that will not be resolved by the presenting of additional evidence. And finally, when the Court is asked to grant summary judgment based on provisions of a contract, there must be no ambiguity as to the cited text. *United States v. Newport News Shipbuilding & Dry Dock Co.*, 571 F.2d 1283 (4th Cir. 1978); *see also American Fidelity & Casualty Co. v. London & Edinburgh Ins. Co.*, 354 F.2d 214 (4th Cir. 1965).

There are three questions which best seem to focus the issues in this case. First, does the assignment of the M & M lease to Dave Perno effect a release of the Smith guaranty? Second, does the termination of the Master Agreement, dated May 3, 1986, also terminate the lease guaranty? And finally, does the release clause of the Unwinding Agreement provide a release of Smith's obligation as guarantor under the M & M lease? If any one of these questions can be answered affirmatively, summary judgment will lie for the defendant. If all of them can be answered negatively, summary judgment will lie for the plaintiffs. However, if any one of them cannot be answered without further evidence being heard, summary judgment must be denied to both parties. Accordingly, I will treat each question in turn.

## 1. *Effect of Assignment of Lease*

The first question should be answered in the negative. The clear language of the guaranty permits assignment of the lease without any kind of notice to or consent

of the guarantor, Mr. Smith. The M & M Guaranty of Lease states:

> [T]he undersigned Steven C. Smith ("Guarantor") hereby unconditionally and absolutely guarantees unto Landlord, its successors and assigns, the full, prompt and complete payment by Tenant of the rent and additional rents provided in Lease . . .
>
> It is understood that the liability hereunder of Guarantor shall continue for and during the first five years of the Lease or until Landlord fully releases Tenant in writing from the Lease, whichever first occurs, *notwithstanding any assignment of the Lease* . . . . (Emphasis added.)

This Court will not engage in equity considerations when a fairly bargained-for agreement, entered into by sophisticated businessmen, demands a particular result. Here, the language of the guaranty clearly provides that it will survive an assignment, and the assignment document itself provides that the Tenant, M & M, remains fully liable on the lease after the assignment. I find, then, that the assignment to Dave Perno in no way affects the liability of the defendant, Mr. Smith, on the guaranty.

### 2. *Effect of Termination of Master Agreement*

The second question concerns the effect of the Master Agreement's termination by the Unwinding Agreement. That, too, must be answered in the negative. Although the Master Agreement and the lease guaranty were entered into on the same day, they are independent contracts which stand on their own. In fact, if the guaranty is dependent on any other document, it is the Management Agreement entered into on behalf of M & M. It is worth noting that that Management Agreement was not terminated by the provisions of the Unwinding Agreement. Rather, it had become moot by the transfer of the M & M stock to Mr. Hayman in 1987, in the course of which Mr. Smith's continuing liability under the lease guaranty was expressly affirmed. It is clear then, that termination of the Master Agreement does

not relieve the defendant of any of his obligations under the lease guaranty.

### 3. *Effect of the Release Clause*

The final issue to be resolved is whether the general language of the release clause in the Unwinding Agreement, quoted above, effected a release of Smith's guaranty under the M & M Lease. Plaintiff contends that the release was not intended to include the guaranty of the M & M lease because the agreement dealt only with the remaining corporations. I do not agree.

In determining that summary judgment is proper, this Court must be convinced that additional evidence will not aid it in making legal determinations. That standard is met in this case. The positions taken by the parties indicate that each has a different view as to the scope of the release. Regardless of who the release is construed in favor of, the other party is compelled to claim that he misunderstood the effect of that language. In this jurisdiction, a unilateral mistake will not vitiate the obligations of a party under a contract. *Marshall v. Cundiff*, 211 Va. 673, 678-9 (1971). Moreover, in Virginia the burden to prove mutual mistake is on the releasor, plaintiff in this case, and the releasor's intent is not sufficient to void the release. *Id.* at 678.

When determining the scope of certain release provisions, this Court must look to the face of the instrument to determine the intent of the parties. *Worrie v. Boze*, 191 Va. 916 (1951). What is clear from the substance and the plain language of the Unwinding Agreement is that the parties sought to end whatever cooperative enterprises they were engaged in, and to effect this, they executed mutual general releases. The parties could very properly have limited the provisions of the release to those issues specified in the Terminated Agreements Exhibit to the Unwinding Agreement. They chose not to. Whether Mr. Fried intended to or not, the plain language of the release extends to *all* of Mr. Smith's obligations to him except those specifically reserved.

The plaintiff also contends that even if the release language is broad enough to reach the M & M guaranty, it should not release the present claim against Mr. Smith

which arose *after* the closing date of the Unwinding Agreement. This argument would have more appeal if the release only dealt with "claims, demands, and causes of actions" that had accrued up to the closing date, but it does not -- it goes on to release "any and all liabilities, obligations, and duties of the released parties . . . under written agreements or otherwise . . ." The guaranty was clearly a contingent liability and continuing obligation at the time of closing of the Unwinding Agreement, and it was thus swept into the effective field of the release.

For these reasons, summary judgment in favor of the defendant is warranted. Specifically, it is the determination of this Court that the defendant, Steve Smith, is released from all obligations under the M & M Lease guaranty by the terms of the Unwinding Agreement of May 19, 1988.