THOMAS H. McNICHOLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McNichols v. Commissioner
Docket No. 10412-88
United States Tax Court
T.C. Memo 1992-120; 1992 Tax Ct. Memo LEXIS 141; 63 T.C.M. (CCH) 2211; T.C.M. (RIA) 92120; February 27, 1992, Filed *141 Arnold N. Pollinger, for petitioner. Maureen T. O'Brien and Louise R. Forbes, for respondent. TANNENWALD
TANNENWALD
MEMORANDUM OPINION
TANNENWALD, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1981
$ 251,228
$ 125,614
--    --
--    1982
453,025
--  $ 226,513
50% of the
$ 113,256
interest due
on $ 453,025
The genesis of the deficiencies is the proceeds of activities for which petitioner was convicted of violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. sec. 1963(a) (1982), and forfeited to the U. S. Government the proceeds of those activities in an amount claimed to be in excess of $ 2 million. *142 Petitioner has filed a motion for summary judgment under Rule 121 on the ground that the assessment of income taxes and additions to tax set forth in the deficiency notice, or alternatively (as a motion for partial summary judgment) the assessment of the additions to tax, constitute the imposition of an excessive fine in violation of the Eighth Amendment or double jeopardy prohibited by the Fifth Amendment to the U. S. Constitution. Respondent has filed his objections based on the assertions that: (1) There are material issues of fact relating to the amount of petitioner's income and the amount of the forfeiture, the resolution of which could affect the validity of petitioner's constitutional claims, and (2) in any event, the excessive fines clause of the Eighth Amendment and the double jeopardy prohibition of the Fifth Amendment, as a matter of law, do not apply to petitioner. While it is clear that the existence of a disputed material fact precludes the grant of a motion for summary judgment, Preece v. Commissioner, 95 T.C. 594, 597 (1990), this principle does not prevent us from dealing with legal issue involved in petitioner's constitutional claims. In the *143 first place, petitioner concedes, solely for the purposes of his motion, the amounts determined by respondent in the deficiency notice, thereby eliminating any dispute as to the underlying facts. McLain v. Commissioner, 67 T.C. 775 (1977). In the second place, we are satisfied that, in any event, we can and should deal with petitioner's claim, which, if sustained, would make any dispute as to the underlying facts moot. Cf. Considine v. Commissioner, 68 T.C. 52, 55 n.3 (1977); Giordano v. Commissioner, 63 T.C. 462, 467 (1975). In the very recent case of Ianniello v. Commissioner, 98 T.C.     (Feb. 24, 1992), we held that the imposition of Federal income taxes and additions to tax, including additions for fraud, did not violate the Eighth or the Fifth Amendments. In so doing, we dealt at length with the identical arguments and supporting authorities set forth by petitioner herein. That decision requires the same holding herein. Accordingly, petitioner's motion will be denied. An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩