John W. Pearsall and Laila W. Pearsall, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 3524–73. Filed April 23, 1974.

*John W. Pearsall III*, for the petitioners.
*Robert T. Hollohan*, for the respondent.

#### OPINION

Dawson, *Judge:* In reply to a request for admissions filed by the petitioners, respondent has moved for a protective order pursuant to Rule 103(a)(1) and (2), Tax Court Rules of Practice and Procedure. The relief sought is that the respondent need not respond to the request for admissions or, in the alternative, that he need not respond at this time.

Petitioners filed their petition in this proceeding on May 16, 1973, seeking a redetermination of Federal income tax deficiencies for the years 1969, 1970, and 1971. Respondent's answer was filed on June 26, 1973. Petitioners then filed a motion for a further and better statement pursuant to the then applicable Rule 17. Petitioners' motion was denied on August 29, 1973, and respondent's oral motion for leave to file an amendment to his answer was granted.

On September 14, 1973, the petitioners filed a second motion under Rule 17 which, following a hearing on October 17, 1973, was granted. A full and complete amended answer was filed by the respondent on December 3, 1973. Under former Rule 15 the petitioners replied on December 26, 1973, to the respondent's answer.

These facts chronicle the formal proceedings in this case up to the date the new Tax Court Rules of Practice and Procedure became effective on January 1, 1974.

On January 30, 1974, the petitioners filed their request for admissions from which the respondent has sought a protective order. A hearing was held March 27, 1974, on this matter.

Rule 90 sets forth the procedures under which requests for admissions are to be handled. There was no counterpart to this rule in the former Tax Court Rules. Rule 90(a) provides:

(a) Scope and Time of Request: A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters which are not privileged and are relevant to the subject matter involved in the pending action, provided such matters are set forth in the request and relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Requests for admission must be commenced and completed within the same period provided in Rule 70(a)(2) for commencement and completion of discovery.

It is the aim of the request for admissions rule to establish as quickly as possible those matters which are not disputed, thus avoiding the time and effort needed to prove them at trial. Such requests may also aid the discovery process and may assist materially in the stipulation process—the acknowledged "bedrock" of Tax Court practice. *Branerton Corp.*, 61 T.C. 691 (1974). But, contrary to respondent's contention, the requirement in Rule 70(a)(1) for "informal consultation or communication before utilizing the discovery procedures" does not apply to requests of admissions under Rule 90; nor does our opinion in *Branerton Corp.* compel it. Under the request for admissions procedure, this Court simply requires that there be a "succinct and clear statement of the request, and an answer which is not evasive."

To be effective the request for admissions should relate only to the truth of matters which are not privileged and are relevant to the subject matter involved in the proceeding. The request should be made in plain concise terms so that it may be admitted or denied without qualification. However, the request for admissions procedure is neither designed to cover the entire range of the evidence nor to deal with central controverted facts. *Pickens* v. *Equitable Life Assurance Society of the United States*, 413 F. 2d 1390 (C.A. 5, 1969). Like its counterpart in the Federal Rules of Civil Procedure, Rule 90 is meant to accomplish "the relatively limited purpose of eliminating the necessity of putting on formal proof of essentially uncontroverted facts, not as a substitute for trial." 4A Moore's Federal Practice, par. 36.04, p. 36–29 (2d ed. 1974); see also *Syracuse Broadcasting Corporation* v. *Newhouse*, 271 F. 2d 910, 917 (C.A. 2, 1959); *Gilbert C. McKenzie*, 59 T.C. 139, 144 (1972), affirmed by order 486 F. 2d 1401 (C.A. 5, 1973).

Similarly, it is not a substitute for discovery even though it may aid in the process.

The proper use of request for admissions will promote the narrowing of issues and relieve the parties from the effort and expense of proving uncontroverted facts. This consequent saving in trial time inures to the benefit of the litigants and the Court. Properly employed the request for admissions may enable the parties to terminate the dispute by means of the summary judgment procedures. See Rule 121, Tax Court Rules of Practice and Procedure; *James T. Shiosaki*, 61 T.C. 861 (1974); *Moosman* v. *Joseph P. Blitz, Inc.*, 358 F. 2d 686 (C.A. 2, 1966); *O'Campo* v. *Hardisty*, 262 F. 2d 621 (C.A. 9, 1958).

Petitioners have requested, in nine separate paragraphs, certain admissions. In his motion for a protective order, the respondent specifically addressed himself to two of the paragraphs without complying with Rule 90(c). The sanctions of Rule 90(f) are, of course, inapplicable at this time because of the good-faith pendency of the respondent's motion for a protective order. It is for this reason, and not the assertion that his motion is filed "without prejudice to respondent's right to assert further specific objections in accordance with Rule 90(c)," that Rule 90(f) is inappropriate. The orderly procedure of Rule 90(c) is preferred to a reflexive motion for a protective order.

The requested admissions may, in respondent's view, deal with matters not within his knowledge, privileged matters, issues going to the core of the dispute or in fact covering the whole case. We are not in a position to say whether or not a given fact, mixed with law or not, should be admitted by the respondent. In the present posture of this case he is in the best position to do so. Cf. *Berger* v. *Brannan*, 172 F. 2d 241 (C.A. 10, 1949).

Accordingly, we conclude that respondent's motion for a protective order should be denied. He will be expected to file, within 30 days, his response to the request for admissions.

*An appropriate order will be entered.*