FORTUNE ODEND'HAL, JR., AND GLORIA P. ODEND'HAL, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 8553–78, 8554–78, 3066–79, 5780–79, 2275–80, 2446–80, 2627–80, 6107–80, 6108–80, 6228–80.

Filed December 18, 1980.

*Scott P. Crampton,* for the petitioners.
*Carolyn M. Parr,* for the respondent.

---

[1]Motion to consolidate for purposes of trial, briefing, and opinion has been made in the cases of the following petitioners: Fortune Odend'hal, Jr., and Gloria P. Odend'hal, docket No. 8553–78; Fortune Odend'hal, Jr., docket No. 8554–78; William J. Cassidy and Clotilda G. Cassidy, docket No. 3066–79; Fortune Odend'hal, Jr., docket No. 5780–79; Dean L. Mann and Beverly D. Mann, docket No. 2275–80; Ivan V. Magal and Leah R. Magal, docket No. 2446–80; Larry M. Stanton and Esther M. Stanton, docket No. 2627–80; Rcbert M. Allen and Frances D. Allen, docket No. 6107–80; Charles C. Yu and Marie S. Yu, docket No. 6108–80; Fortune Odend'hal, Jr., docket No. 6228–80.

## OPINION

DAWSON, *Judge:* These cases were assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motions to consolidate and petitioners' "Motion to Review Response to Second Request for Admissions." After a review of the record, we agree with and adopt his opinion which is set forth below.[2]

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* These cases are presently before the Court on respondent's motion to consolidate filed in each of these cases, except the cases designated docket Nos. 6107–80, 6108–80, and 6228–80,[3] on April 28, 1980, pursuant to Rule 141(a), Tax Court Rules of Practice and Procedure,[4] and petitioners' motion to review response to second request for admissions filed in the case designated docket No. 8553–78 only on May 12, 1980, pursuant to Rule 90(d).

We first consider respondent's motions. Petitioners are tenants in common in certain warehouse property in Cincinnati, Ohio. The principal issue in each case is whether the acquisition and rental of that warehouse property is an activity entered into for profit[5] or a sham transaction having no commercial economic substance. If it is determined there was the requisite profit motive, the useful life of the warehouse buildings will then have to be determined.

All of these cases are at issue;[6] their trial site is Cincinnati, Ohio; and petitioners, whose interests are not adverse, are represented by the same counsel in all of these cases. Respondent, likewise, is represented by the same counsel in each of

---

[2]Since pretrial motions are herein under consideration, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were heard in oral argument at Washington, D.C., on June 4, 1980.

[3]At the outset of the oral argument, counsel for respondent orally requested that these cases be considered for consolidation together with those embodied in respondent's filed motions. The Court treated that request as an oral motion and, hence, all 10 cases are herein being considered for consolidation.

[4]All rule references herein are to the Tax Court Rules of Practice and Procedure.

[5]Sec. 183, I.R.C. 1954, as amended. All section references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

[6]See Rules 38 and 141(a) at 71 T.C. 1188, 1205–1206, and the notes appertaining thereto.

these cases. If these cases are tried separately, trial time would be substantially increased as a number of the same witnesses would be called in each case and much of the same documentary evidence would be introduced. Thus, these cases involve common questions of law and fact.

Rule 141(a) provides, in part, that:

When cases involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue; it may order all the cases consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay or duplication. * * *

Petitioners resist consolidation of all of these cases suggesting that the four cases which have heretofore been consolidated be litigated with the decision therein to be controlling as to the remaining petitioners.[7] Their counsel is prepared to enter into a stipulation to that effect. Respondent vigorously opposes any such procedure, asserting, in essence, that the intent of each tenant in common is critical to these proceedings and, if consolidation is allowed, respondent may introduce into evidence at trial "certain admissions made by some of these cotenants."

The question of consolidation rests in the sound discretion of the Tax Court. *Cohen v. Commissioner*, 176 F.2d 394 (10th Cir. 1949).[8] Moreover, this Court may, on its own motion, consolidate for trial, briefing, and opinion when warranted by the circumstances. *McLain v. Commissioner*, 67 T.C. 775 (1977).

In determining whether an activity is engaged in for profit, all facts and circumstances with respect to the activity are to be taken into account. Among those factors is the taxpayer's intent, i.e., the expectation of profit by the taxpayer. In that regard, in *Hoeme v. Commissioner*, 63 T.C. 18, 20 (1974), this Court stated: "The value of a trial with full opportunity to observe the parties and their evidence is obvious. This is especially so where the question of intent is present. *Firemen's Mut. Ins. Co. v. Aponaug Mfg. Co.*, 149 F.2d 359 (C.A. 5, 1945)."

After a painstaking review of these records and for the

---

[7]The cases designated docket Nos. 8553–78, 8554–78, 5780–79, and 3066–79 were consolidated for trial, briefing, and opinion by Court order dated Dec. 5, 1979. However, we observe that those cases involve only 2 of the 10 tenants in common of the Cincinnati warehouse property.

[8]There, this Court consolidated two fraud cases for trial over the objections of the parties.

factors and reasons expressed hereinbefore, we think respondent's motions are meritorious and these cases should be consolidated for trial, briefing, and promulgation of opinion. Accordingly, respondent's motions will be granted.

We turn next to petitioners' "Motion to Review Response to Second Request for Admissions" filed in the case designated docket No. 8553–78, only.

On April 10, 1980, petitioners filed a "Second Request for Admissions under Rule 90." Thereafter, on May 5, 1980, respondent filed an objection to said second request for admissions, which precipitated the filing, on May 12, 1980, of the motion to review herein being considered.

Pursuant to the authority invested in us by section 7453, the Rules of Practice and Procedure of this Court were substantially revised, adopted, and promulgated, effective January 1, 1974. Therein appeared for the first time Rule 70(a)(1), pertaining to the methods and limitations of discovery, and Rule 90(a), dealing with the scope and time of requests for admission. 60 T.C. 1069–1097, 1114–1115.[9] Rule 70(a)(1), insofar as it has application to this case (docket No. 8553–78), provides: "However, the Court expects the parties to attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules."[10]

On May 1, 1979, another substantial revision of the Court's Rules of Practice and Procedure became effective. Rule 70(a)(1), while adding some changes not here material, continued to contain the precise language of the above-quoted sentence. 71 T.C. 1179, 1190. However, for the first time, the identical language of the above-quoted sentence was added to the provisions of Rule 90(a). 71 T.C. 1198, 1199.[11]

---

[9]Rules 70(a)(1) and 90(a) remained unaltered in content in the revisions of the Court's Rules, effective Sept. 2, 1975 (64 T.C. 1180), and July 1, 1977 (68 T.C. 1031).

[10]No such language is found in any of the provisions of Rule 90. With respect to Rule 90(a), the note following thereafter (60 T.C. 1115), states:

"Par. (a) is derived essentially from the first paragraph of FRCP 36(a), except that the last sentence of Par. (a) has been added in order to correlate this provision with the scope of the discovery permitted by Rule 70(b).

"See also Note to Rule 70(b)."

[11]The note following that Rule states:

"There has been incorporated in par. (a) of this Rule the same requirement which appears in

In *Branerton Corp. v. Commissioner,* 61 T.C. 691, 692 (1974), we stated: "It is plain that this provision in Rule 70(a)(1) means exactly what it says. The discovery procedures should be used only after the parties have made reasonable informal efforts to obtain needed information voluntarily."

This Court in further support of its statement in *Branerton* went on to say in *International Air Conditioning Corp. v. Commissioner,* 67 T.C. 89, 93 (1976):

Rule 70(a)(1) does not speak of making informal "requests" prior to making formal "requests" under Rule 71. If this were all Rule 70(a)(1) was intended to accomplish, it would serve little purpose. Rather, Rule 70(a)(1) contemplates "consultation or communication," words that connote discussion, deliberation, and an interchange of ideas, thoughts, and opinions between the parties. * * *

The foregoing language of the *Branerton* and *International Air Conditioning Corp.* cases is equally applicable to these proceedings where we consider an identically worded sentence now couched in the provisions of Rule 90(a).

Here, petitioners served a copy of their second request for admissions upon respondent on April 8, 1980, over 11 months after May 1, 1979, the effective date of Rule 90(a), as revised. Respecting the admissions sought, there is no proper showing in this record that petitioners attempted to obtain the objective of this Rule informally before resorting to the compulsory procedure under the Rule.[12] Rule 90(a) means exactly what it says, too. In view of the explicit language now contained in Rule 90(a), our statement with respect thereto in *Pearsall v. Commissioner,* 62 T.C. 94, 95 (1974), will no longer be followed.[13] Respondent's refusal to answer petitioners' admission requests is justified.[14] Petitioners' motion to review response to second request for admissions will be denied.

---

Rule 70(a), namely, that parties are to attempt to attain the objective of the Rule informally before resorting to the compulsory procedure under the Rule."

[12]Counsel for the parties are no strangers to Rule 90. Counsel for petitioners served a request for admissions upon respondent on Oct. 3, 1978, which was disposed of after hearing by Court order dated Feb. 1, 1979. Counsel for respondent served a request for admissions on petitioners' counsel on Apr. 27, 1979, which culminated when petitioners' response thereto was filed with the Court on May 31, 1979.

[13]Specifically, "But, contrary to respondent's contention, the requirement in Rule 70(a)(1) for 'informal consultation or communication before utilizing the discovery procedures' does not apply to requests of admissions under Rule 90; nor does our opinion in *Branerton Corp.* compel it." See 2 L. Casey, Federal Tax Practice, sec. 7.37j, pp. 207, 211 (1980 Cum. Supp.).

[14]In view of our disposition of petitioners' motion, we need not and do not address other arguments made by counsel for the parties in their memoranda.

To accord with our views expressed herein,

*An appropriate order will be issued.*