OWEN J. UPTAIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Uptain v. Commissioner
Docket No. 26361-81.
United States Tax Court
T.C. Memo 1982-737; 1982 Tax Ct. Memo LEXIS 8; 45 T.C.M. (CCH) 406; T.C.M. (RIA) 82737; December 27, 1982. *8 Owen J. Uptain, pro se. David L. Miller and Keith A. Aqui, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*9 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's Motion for Summary Judgment filed on October 26, 1982, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his Notice of Deficiency issued to petitioner and Louise F. Uptain on July 23, 1981, [3] determined deficiencies in petitioner's Federal income tax for the taxable calendar years 1978 and 1979 in the respective amounts of $2,386.00 and $1,229.00. [4]
Petitioner resided at 13618 Highway 666 North, Cortez, Colorado, on the date he filed his timely petition herein. He and Louise F. Uptain filed timely joint 1978 and 1979 Federal income tax returns with *10 the Internal Revenue Service. Petitioner filed a timely petition on October 19, 1981 and an amended petition, pursuant to the Court's Order for Proper Petition and Filing Fee dated October 22, 1981, on December 21, 1981. [5] Respondent filed his Answer to Amended Petition on February 16, 1982. Thus, the pleadings are closed. See Rules 34, 36, 38, 41, and 121. When respondent's attempts to make arrangements with petitioner for informal consultations or communications proved unsuccessful, [6] he, not desiring to rest on the pleadings alone, on August 3, 1982, served a Request for Admissions on petitioner. [7] Therein, respondent requests petitioner to admit the facts set forth in the following requests: *11 1. Petitioner filed a timely joint U.S. Individual Income Tax Return (Form 1040) with his wife, Louise F. Uptain, for the calendar year 1978 * * *. 2. The petitioner filed a timely joint U.S. Individual Income Tax Return (Form 1040) for the calendar year 1979 * * *. 3. Petitioner received wage income from Mesa Drillers of Lubbock, Texas, as follows: Year
Amount
1978
$21,313.80
1979
$17,407.00
4. Petitioner received a statutory notice of deficiency, dated July 23, 1981 * * *. 5. Adjustments to income in said statutory notice are as follows: Adjustment to Income
1978
1979
Business income
$ (14,481.80)
$ (5,324,00)
Business expenses
$ 73,855.88 $ 73,466.67 Itemized deductions
$ 2,528.36 6. The petitioner has no records to prove that petitioner had business expenses or itemized deductions over and above the amounts allowed in the statutory notice of deficiency. 7. Petitioner concedes that the deficiency of $2,386.00 for the year 1978 as set forth in the statutory notice of deficiency is correct. 8. The petitioner concedes that the deficiency of $1,229.00 for the year 1979 as set forth *12 in the statutory notice of deficiency is correct. Petitioner at no time served written answers upon respondent nor did he file an original of such answers with the Court. Rule 90(c). In such circumstances, each matter contained in respondent's request for admissions is deemed admitted. Freedson v. Commissioner,65 T.C. 333, 335 (1975); Rules 90(c) and (e). [8] The matters so admitted conclusively show petitioner is not entitled to any of the expenses or deductions at bar. Rule 90(e). Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings * * * admissions, and any other acceptable materials,together with *13 the affidavits * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *" [Emphasis supplied.] Here petitioner has refused to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings, those matters deemed admitted in respondent's request for admissions and the exhibits attached to respondent's motion (which include a full copy of the deficiency notice and the affidavit of respondent's trial counsel), respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted. [9]
An appropriate *14 order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on December 8, 1982. Petitioner did not appear nor did he file a response to respondent's motion, albeit a copy thereof and a copy of respondent's memorandum in support of his motion together with a copy of the Court's Notice of Hearing was served on him by the Court on November 3, 1982. See Rule 50(c), Tax Court Rules of Practice and Procedure.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Louise F. Uptain is not a party to this case. It appears that she and petitioner were divorced on or about April 3, 1981. ↩
4. The adjustments as determined by respondent in his notice of deficiency are as follows: 1978
1979↩
Business Income
$ (14,481.80)
$ (5,324.00)
Business Expenses
73,855.88 73,466.67 Itemized Deductions
2,528.36 5. No justiciable error and no↩ justiciable facts in support of such error are raised by petitioner respecting respondent's income tax deficiency determinations in either of those pleadings. In such posture, Rule 34(b)(4) provides, in pertinent part--"Any issue not raised in the assignment of errors shall be deemed to be conceded".
6. See Odend'hal v. Commissioner,75 T.C. 400↩ (1980); Rule 90(a). 7. The original of that request was filed with the Court on August 6, 1982.↩
8. See McKinnon v. Commissioner,T.C. Memo. 1982-229; Knudson v. Commissioner,T.C. Memo. 1982-179; Oaks v. Commissioner,T.C. Memo. 1981-605; Wallace v. Commissioner,T.C. Memo. 1981-274; Myers v. Commissioner,T.C. Memo. 1980-549; Edelson v. Commissioner,T.C. Memo. 1979-431; Saba v. Commissioner,T.C. Memo. 1979-397; Bassett v. Commissioner,T.C. Memo. 1979-14↩.
9. Petitioner, in his petition and amended petition, raises a plethora of meritless and unsupported allegations together with numerous frivolous constitutional objections. Suffice it to say that all of those contentions have been rejected on innumerable occasions by this and other Courts.↩