JAY CARTER AND JOAN H. CARTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carter v. Commissioner
Docket Nos. 17951-83, 7071-84.
United States Tax Court
T.C. Memo 1986-214; 1986 Tax Ct. Memo LEXIS 393; 51 T.C.M. (CCH) 1082; T.C.M. (RIA) 86214; May 28, 1986. *393 Held, because Ps failed to produce certain documents as ordered by this Court, R's motion for imposition of sanctions seeking dismissal of these cases under Rule 104(c), Tax Court Rules of Practice and Procedure, is granted. Peter R. Stromer, for the petitioners. M. Kendall Williams, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: These cases are before the Court on respondent's motion for imposition of sanctions pursuant to Rule 104(c). [1] Oral arguments on this motion were heard on November 13, 1985, at San Francisco, California. *394 In notices of deficiency mailed to petitioners bearing the dates of April 15, 1983, and March 2, 1984, respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1979
$7,704
$385
1980
7,604
380
1981
8,185
409
*
1982
5,721
286 **
$572
These deficiencies resulted from respondent's disallowance of the following deductions claimed by petitioners as charitable contributions to the Psychal Physionic Universal Life Church, a local congregation of the Universal Life Church of which petitioner Jay Carter was the "minister": Year
Disallowed Deductions
1979
$20,200.00
1980
21,729.00
1981
22,873.20
1982
19,781.00
Respondent stated in the notices of deficiency that these deductions were disallowed because petitioners did not establish that (1) the amounts were to or for organizations which are qualified under section 170(c) of the Internal Revenue Code; (2) the Universal Life Church is an entity recognizable for tax purposes as separate and distinct from petitioners as individuals; *395 and (3) petitioners did not receive from the Universal Life Church directly or indirectly money, goods, services or use of property in an amount equal to or exceeding the claimed deductions. On July 5, 1983, and March 19, 1984, petitioners timely filed petitions with this Court contesting respondent's deficiency determinations and additions to tax, stating therein: (1) the charitable contributions were made to a local congregation of the Universal Life Church which was found to be a qualified charitable organization in Universal Life Church v. United States,372 F. Supp. 770 (E.D. Cal. 1974); (2) they did not receive from the donee organization directly or indirectly any money, goods, services or use of the donated property; (3) the notice of deficiency was not timely mailed by respondent as to taxable year 1979; and (4) the Tax Court lacks jurisdiction to determine constitutional issues such as the validity of a church, its membership, doctrines, tenets and denominational status. On July 23, 1985, respondent mailed to petitioners a set of interrogatories pursuant to *396 Rule 71 and a request for production of documents pursuant to Rule 72 requesting certain information with respect to petitioners' Psychal Physionic Universal Life Church. Petitioners did not reply to the interrogatories nor produce the requested documents within the time provided by the Tax Court rules. [2]
On September 23, 1985, respondent filed a motion to compel responses to respondent's first set of interrogatories and to compel production of documents. By order dated October 1, 1985, we granted respondent's motion and ordered petitioners to answer each interrogatory and to produce the requested documents on or before October 21, 1985. This order was served on petitioners on October 3, 1985. Petitioners failed to answer respondent's interrogatories or to produce the requested *397 documents by October 21, 1985, as ordered by this Court. On October 23, 1985, respondent filed a motion for imposition of sanctions pursuant to Rule 104(c) requesting that petitioners' cases be dismissed for failure to comply with this Court's order of October 1, 1985. We subsequently calendared respondent's motion for hearing at the Court's November 12, 1985, trial session at San Francisco, California. Counsel for both parties appeared at the hearing. At the hearing, M. Kendall Williams, counsel for respondent, informed the Court that petitioners had responded to some of respondent's discovery requests subsequent to the filing of respondent's motion for imposition of sanctions. Mr. Williams stated, however, that petitioners did not produce any of the requested documents with respect to a bank account maintained in the name of the Psychal Physionic Universal Life Church at Foothill Bank, including bank statements, cancelled checks, deposit slips and signature cards. Mr. Williams explained the significance of these documents as follows: Well, the items -- the checks we are trying to get specifically were the checks which would show where the monies were from, the sources *398 from Foothill Bank, which was the bank of the local congregation, the local charter. We need the information from that account to indicate where, in fact, the money went. In our opinion it did not go to ULC Modesto, but went back into Petitioners' hands. Without these documents we can just only question the Petitioners as far as their location, where the funds went. With these items, we feel as if we can make a definite circle as to where the monies went. At the motion hearing, we repeatedly requested Mr. Stromer, counsel for petitioners, to produce these documents. Following each request, however, Mr. Stromer represented to the Court that petitioners did not have possession or control of the bank documents and that neither he nor his clients knew who possessed the documents. We explained to Mr. Stromer that as sole signatories on the bank account, his clients would have received the bank documents in question. We therefore warned Mr. Stromer and petitioners that if they continued to disobey our order to produce the bank documents, we would dismiss the cases. Despite our warnings, Mr. Stromer and petitioners refused to produce the requested bank documents. Rule 104 provides *399 in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule 71, 72, * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party.[Emphasis supplied.] Although dismissal is one of the most severe sanctions and should not be ordered indiscriminately, it is a proper sanction when failure to fully comply with this Court's discovery orders is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,82 T.C. 592, 604-605 (1984). In light of petitioners' willful failure to fully comply with our rules and a specific order of this Court, we think that dismissal of petitioners' cases is appropriate. At the motion hearing, we repeatedly explained to petitioners and their counsel that these documents were very relevant to the disposition of these cases and directed several times that they produce *400 these documents. Despite our repeated directions, petitioners' counsel refused to produce the documents, stating that petitioners did not possess the documents and did not know who possessed them. We, however, simply do not believe the representations of petitioners' counsel that petitioners did not have custody and control of the requested bank documents given the fact that Mr. Carter was the founder and minister of the Psychal Physionic Universal Life Church and petitioners were the sole signatories on the bank account maintained in the name of the Psychal Physionic Universal Life Church at Foothill Bank. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and an order of this Court, petitioners have not done so. On the record before us, we are satisfied that petitioners' failure to fully comply with discovery and a specific order of this Court *401 was undertaken willfully and in bad faith. We therefore find that dismissal of these cases is appropriate. Accordingly, respondent's motion for imposition of sanctions will be granted, these cases will be dismissed and a judgment for default will be entered. [3]
To reflect the foregoing, An appropriate order and decisions will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code of 1954 in effect for the years in question.↩
*. To be based on an underpayment of $8,185. ** To be based on an underpayment of $5,721.↩
2. Rule 71 provides that "[t]he party, on whom the interrogatories have been served, shall serve a copy of his answers, and objections if any, upon the propounding party within 45 days after service of the interrogatories upon him." Under Rule 72, a party upon whom a request for production of documents has been served "shall serve a written response within 30 days after service of the request."↩
3. We note that although petitioners alleged in their petition filed July 5, 1983, that the notice of deficiency was not timely mailed as to taxable year 1979, they did not raise the untimeliness of the deficiency notice as a defense to respondent's motion for imposition of sanctions nor did they present any evidence establishing that the notice of deficiency was not timely mailed. Thus, we find that respondent is not precluded from assessing the determined deficiencies and additions to tax as to petitioners' taxable year 1979.↩