DENNIS R. HACKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hacker v. Commissioner
Docket No. 15511-93
United States Tax Court
T.C. Memo 1994-488; 1994 Tax Ct. Memo LEXIS 500; 68 T.C.M. (CCH) 855; October 5, 1994, Filed *500 An order and decision will be entered granting respondent's motions and requiring petitioner to pay penalties. Dennis R. Hacker, pro se. For respondent: Glorianne Gooding-Jones. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent filed both a motion for summary judgment on the grounds that there exists no genuine issue of fact as stated in petitioner's pleadings and a motion for "damages" pursuant to section 6673. [1] Respondent determined deficiencies in income tax and additions to tax for 1989 and 1990, due to petitioner's failure to report income for those years. Petitioner, who resides and earns wages in the State of California, contends that he is a nonresident alien with no United States sources of income for Federal tax purposes. Petitioner, in response to respondent's summary judgment motion, generally agreed with the underlying facts stated by respondent, but not with her statement of the ultimate conclusions of law. Petitioner argues that respondent is not entitled to summary judgment and that no penalty should be decided against him by this Court. *501 Background -- Petitioner, because of his position that he is not a citizen of the United States and not subject to Federal taxation, has been involved in a long-running confrontation with respondent. For their 1988 taxable year, petitioner and his spouse filed a return reflecting $ 57,447 in wages from his employers resulting in a Federal tax liability which was satisfied through withholding credits. Subsequently, petitioner filed an amended 1988 return claiming a refund of all tax on the ground that he was a nonresident alien and did not have income effectively connected with a United States trade or business. Petitioner's employers for 1988 were McDonnell Douglas Corp. and McAir Support Services, Inc. From all of the available information and as pertinent to this case, petitioner resided and worked in the State of California. Respondent issued a notice of deficiency to petitioner for 1988 and he petitioned this Court. Subsequently, the parties filed cross-motions for summary judgment. Ultimately, respondent's motion was granted and petitioner was also found liable for a $ 5,000 penalty under section 6673 because his arguments were found to be frivolous and without merit. *502 See Hacker v. Commissioner, T.C. Memo. 1993-285, affd. 29 F.3d 632 (9th Cir. 1994). That Memorandum Opinion was filed June 30, 1993. For his 1989 and 1990 tax years, petitioner filed Forms 1040NR claiming full year nonresident alien status, and he placed zeros in all pertinent boxes except for the ones dealing with the amount of withholding tax paid, overpayment, and refund sought. In addition, the Forms 1040NR contain a series of questions on page 5 intended to identify the filing alien's citizenship, length of time in the United States, and related information. Petitioner generally responded to this type of question with the characters "N/A" in accord with the designation on the form when a question does not apply to the filer/alien. At about the same time as the hearing and opinion concerning petitioner's 1988 taxable year, respondent sent a notice of deficiency to petitioner for his 1989 and 1990 tax years. In that notice respondent determined that petitioner was liable for income tax deficiencies in the amounts of $ 11,819 and $ 9,351 for 1989 and 1990, respectively. Respondent also determined that petitioner was *503 liable for additions to tax in both years under sections 6654(a) and 6662(a) and an addition under section 6651(a) for 1989 only. In her motion, respondent concedes that petitioner is not liable for additions to tax under sections 6651(a) for 1989 or 6654(a) for either 1989 or 1990. There remains in dispute additions to tax under section 6662(a) for 1989 and 1990 in the amounts of $ 2,363.80 and $ 1,870.20, respectively. After the June 30, 1993, issuance of Hacker v. Commissioner, supra, petitioner caused to be filed a petition and amended petition, on July 19 and August 31, 1993, respectively. In those pleadings, petitioner took the same position which had been found to be without merit and frivolous with respect to his 1988 taxable year. In his pleadings petitioner contended that respondent erred in determining deficiencies in income tax and additions to tax for 1989 and 1990 for the following reasons: 4(a) The Notice of Deficiency is issued in error as the petitioner is not engaged in the revenue taxable activity upon which issuance of the Notice of Deficiency is based. (b) For purposes of U.S.C. Title 26, the petitioner is a nonresident *504 alien. (c) Earnings received by the petitioner for years 1989 and 1990 was compensation for labor as defined by U.S.C. Title 26, section 862(a)(3), upon which U.S.C. Title 26 imposes no tax. (d) The I.R.S. is fully aware, or should be aware of the foregoing facts and their actions as such are wholly unreasonable.
Soon after the pleadings were filed and in violation of the Rules and precedents of this Court, petitioner served requests for admissions, requests for interrogatories, and requests for documents on respondent. Under Rule 90, the parties are expected to informally consult and communicate to attain their pretrial preparation objectives before resorting to formal use of admissions or discovery. Respondent sought and was granted a protective order, dated November 16, 1993, in which the Court explained that petitioner had not complied with the Court's rules requiring informal consultation and communication before formal use of discovery and requests for admission. The order also contained references to explanatory cases regarding those procedures. Branerton Corp. v. Commissioner, 61 T.C. 691 (1974); Odend'hal v. Commissioner, 75 T.C. 400 (1980). *505 Petitioner, on January 7, 1994, served the same requests for admissions and discovery on respondent with a letter explaining that he had sent material for stipulation on November 26, 1993, requiring a response by December 17, 1993, and that respondent's failure to respond by the designated date represented a "good faith attempt" by petitioner to informally consult or communicate. Respondent again sought a protective order which the Court granted January 26, 1994. Discussion -- Rule 121 permits motions for summary judgment where there is no genuine issue as to any material fact and where a decision may be rendered as a matter of law. Petitioner agrees with the facts posed by respondent, but contends that he is a nonresident alien for tax purposes even though he resides and earned wages in the State of California. Petitioner's argument is legal in nature and based upon his personal and unique interpretation of the law. Accordingly, this controversy may be resolved by means of summary judgment. Shiosaki v. Commissioner, 61 T.C. 861 (1974). Petitioner's so-called legal arguments or positions were exposed as without merit, frivolous, and concocted *506 to avoid payment of tax in Hacker v. Commissioner, supra. Petitioner's legal argument is an insidious form of sophistry where he conglomerates material out of chronological, historical, and textual sequence solely to reach the conclusion that he does not have to pay tax. His attempt to convince us that he is a nonresident alien who did not earn income from domestic sources at a time when he resided and earned his income in the State of California falls short of even being specious and must fail. It would be wasteful to further elaborate or evaluate petitioner's contentions in this opinion. Petitioner is referred to respondent's memoranda of points and authorities for the citation to cases which have already adequately addressed petitioner's contentions. Petitioner's contentions that his status does not require him to pay tax on his income are incorrect as a matter of law and summary judgment will be granted in favor of respondent. Respondent also moved for the award of "damages" under section 6673. Section 6673(a)(1) provides for a penalty not in excess of $ 25,000 if it should appear to this Court that: (A) proceedings before it have been *507 instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies * * *
Respondent's motion is based on petitioner's position being frivolous or groundless. In support of the motion, respondent contends that, in essence, petitioner: (1) For his 1989 and 1990 tax years claimed to be a nonresident alien when he was not, merely for the purpose of avoiding Federal taxation, (2) failed to cooperate with respondent in an attempt to resolve the controversy over the 1989 and 1990 income tax deficiencies determined by respondent, (3) filed discovery requests without first attempting informally to resolve his controversies or address pretrial considerations, and (4) continues to advance a frivolous position after this Court found a $ 5,000 penalty for 1988 for substantially the same position. Petitioner contends that his position is not frivolous and that he does not claim that the income tax laws are unconstitutional. He further argues that his position is that he is a nonresident alien and that he derived no United States source *508 income as a matter of law. These arguments, as indicated above, are not worthy and are obviously frivolous. Although it is not necessary for us to decide why petitioner became motivated to make these arguments, it does appear that avoiding Federal income tax is one of petitioner's predominant goals. For the same reasons expressed in Hacker v. Commissioner, T.C. Memo. 1993-285, and considering the reasons expressed in this opinion, we find petitioner's position in this proceeding both frivolous and groundless and require petitioner to pay a penalty of $ 10,000 to the United States. To reflect the foregoing, An order and decision will be entered granting respondent's motions and requiring petitioner to pay penalties.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩