BERNARD D. BERGREEN AND BARBARA R. BERGREEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; MORRIS H. BERGREEN AND ADELE G. BERGREEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bergreen v. Commissioner
Docket Nos. 22365-94, 22571-94.
United States Tax Court
T.C. Memo 1995-423; 1995 Tax Ct. Memo LEXIS 420; 70 T.C.M. (CCH) 564; August 28, 1995, Filed *420 An order will be issued granting both respondent's Motion to Consolidate and respondent's Motion to Change Place of Trial. Stuart E. Seigel and Alvin H. Shrago, for petitioners Bernard D. Bergreen and Barbara R. Bergreen. Fred T. Goldberg, Albert H. Turkus and Richard A. Mullens, for petitioners Morris H. Bergreen and Adele G. Bergreen. Michael Wilder and Vincent J. Guiliano, for respondent. PANUTHOS, Chief Special Trial Judge PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: These cases are before the Court on respondent's Motion to Change Place of Trial filed in docket No. 22571-94 and respondent's Motion to Consolidate filed in both cases. [1]
Background
Bernard D. Bergreen (Bernard) and Morris H. Bergreen (Morris) are brothers and former partners in the law firm of Bergreen & Bergreen. It appears *421 that Bernard quit the law firm sometime in the early 1980's. In August 1981, Morris commenced two actions against Bernard in the Supreme Court for the State of New York seeking monetary damages, an accounting, and injunctive relief stemming from Bernard's activities as a partner of Bergreen & Bergreen. Morris and Bernard ostensibly settled this dispute on January 3, 1983, by executing a settlement agreement under which Bernard was required to transfer shares of stock in certain corporations and general partnership interests to Morris in exchange for cash in the amount of $ 1,140,000 plus interest in the amount of $ 5,901.73, notes issued by the Grosvenor Investment Company (guaranteed by Morris) in the principal amount of $ 1,410,000, and releases of all claims asserted against Bernard. Morris and Bernard appear to have taken inconsistent positions regarding the Federal income tax implications arising from the settlement agreement described above. In this regard, on September 7, 1994, respondent issued a notice of deficiency to Bernard and Barbara R. Bergreen determining deficiencies in and additions to their Federal income taxes for the years and in the amounts as follows: Addition to Tax
Year
Deficiency
Sec. 6661
1983
$ 657,679
$ 164,420
1984
15,786
3,947
1985
40,664
10,166
1986
3,840
--
1987
622,791
165,698
1988
495,349
123,837
1989
32,513
--
*422 The deficiency notice states in pertinent part: A. It is determined that you are not entitled to your claimed loss of $ 3,841,727.00 for the tax year ended December 31, 1983 under section 162 or any other section of the Code. This alleged loss results from the breakup with your brother, Morris H. Bergreen, in which you claim to have transferred interests in various entities, which you and your brother had previously jointly invested in, at less than fair market value. Specifically, on January 3, 1983, you transferred to your brother, either directly or indirectly, interests in [10 listed entities] * * *. Most of your claimed loss is attributable to your personal note which was given to one of your controlled entities. Moreover, you and your brother have taken contradictory positions as to the valuations of the above interests and whether or when the exchange of these interests resulted in realized and recognized gain or loss. Therefore, your taxable income is increased by $ 3,841,727.00 for the tax year ended December 31, 1983. B. In tax year ended December 31, 1983 you neglected to include in income a guaranteed payment of $ 991,727.00 reported to you on the K-1 sent to you *423 by the law firm of Bergreen & Bergreen in which you had been a partner. The total represents net advances received over several years not previously included in your income. The income from forgiveness of debt resulted when you separated from the firm in 1983 and no longer were obligated to repay the debt. You and your brother, Morris H. Bergreen, the general partner, have taken contradictory positions as to the reportability, taxability and deductibility of this forgiveness of indebtedness. Therefore, pursuant to section 61, your taxable income is increased $ 991,727.00 for tax year ended December 31, 1983. C. In tax year ended December 31, 1983 you neglected to include in income a legal fee of $ 640,000.00 paid to you in that year from the escrow account of the law firm of Bergreen & Bergreen, by a check from Morgan Guarantee concomitant with the settlement of a lawsuit between you and your brother, Morris H. Bergreen. Each of you has taken contradictory positions on the reportability and taxability of this payment. Therefore, pursuant to section 61, your taxable income is increased $ 640,000.00 for tax year ended December 31, 1983.
Bernard and Barbara R. Bergreen invoked *424 this Court's jurisdiction by filing a timely petition for redetermination accompanied by a Designation of Place of Trial designating New York, New York, as the place of trial. On September 7, 1994, respondent likewise issued a notice of deficiency to Morris and Adele G. Bergreen determining deficiencies in and additions to their Federal income taxes for the years and in the amounts as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1983
$ 2,385,836
$ 119,292
50 percent of
$ 596,459
the interest due
on $ 2,378,741.00
1984
200,688
--
--
41,817
1985
368,573
--
--
27,563
1986
60,928
--
--
11,545
Respondent further determined that Morris and Adele G. Bergreen are liable for increased interest pursuant to section 6621(c) for each of the years 1983, 1984, 1985, and 1986. The deficiency notice states in pertinent part: A. It is determined that in the tax year ended December 31, 1983 as a result of the breakup with your brother, Bernard D. Bergreen, you realized a net gain of $ 4,440,000.00 over the amount paid for interests in various entities which you and your brother had previously jointly *425 invested in. Specifically, on January 3, 1983, in exchange for your payment of $ 1,910,000.00 through the Grosvenor Investment Company to your brother, either directly or indirectly, you received, either directly or indirectly, interests in [10 listed entities] * * *. Since the value of your brother's interest in the above entities is claimed to be $ 6,350,000.00, you realized net income of $ 4,440,000. Moreover, you and your brother have taken contradictory positions as to the valuations of the above interests and whether or when the exchange of these interests resulted in realized and recognized gain or loss. Therefore, pursuant to section 61, your taxable income is increased by $ 4,440,000.00 for the tax year ended December 31, 1983. For tax year ended December 31, 1983, $ 991,717.00 of the amount you claimed as a flow-thru loss from the law firm of Bergreen & Bergreen in which you were the 100 percent general partner, is hereby disallowed. That amount was claimed as a deduction to determine your distributive share of income (loss) from the partnership and allegedly represents a forgiveness of indebtedness arising from net advances made over several years to your brother Bernard *426 D. Bergreen, a partner in the firm, with whom you have had a breakup. That amount was not reported by him as income. You and your brother have taken contradictory positions as to reportability, taxability or deductibility of this item. Therefore, pursuant to section 61, your taxable income is increased $ 991,727.00 for tax year ended December 31, 1983.
Morris and Adele G. Bergreen invoked this Court's jurisdiction by filing a timely petition for redetermination accompanied by a Designation of Place of Trial designating Washington, D.C., as the place of trial. As indicated, respondent filed a Motion to Consolidate these cases. In conjunction with her Motion to Consolidate, respondent filed a Motion to Change Place of Trial in docket No. 22571-94, requesting that the trial be conducted in New York, New York. While Morris objects to both respondent's Motion to Consolidate and respondent's Motion to Change Place of Trial, Bernard supports both motions. Discussion
Rule 141(a) provides in pertinent part: (a) Consolidation: When cases involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters *427 in issue, it may order all the cases consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay or duplication. Similar action may be taken where cases involve different tax liabilities of the same parties, notwithstanding the absence of a common issue. Unless otherwise permitted by the Court for good cause shown, a motion to consolidate cases may be filed only after all the cases sought to be consolidated have become at issue. * * *
Consolidation of separate cases is a device used to promote judicial economy and save substantial time and expense for the parties. It is well settled that the question of consolidation rests in the sound discretion of the Tax Court. See Cohen v. Commissioner, 176 F.2d 394, 396 (10th Cir. 1949), affg. 9 T.C. 1156 (1947); see also Odend'hal v. Commissioner, 75 T.C. 400, 402 (1980). One impediment to consolidation here is that the place of trial for each docket is currently designated in a different city. Since we will not ordinarily consolidate cases in such circumstances, we must consider whether *428 to change the place of trial in one of the dockets. Section 7446 provides as follows: SEC. 7446. TIMES AND PLACES OF SESSIONS. The times and places of the sessions of the Tax Court and of its divisions shall be prescribed by the chief judge with a view to securing reasonable opportunity to taxpayers to appear before the Tax Court or any of its divisions, with as little inconvenience and expense to taxpayers as is practicable. Rule 140 provides in pertinent part: (a) Designation of Place of Trial: The petitioner, at the time of filing the petition, shall file a designation of place of trial showing the place at which the petitioner would prefer the trial to be held. * * * * * * (c) Motion to Change Place of Trial: If a party desires a change in the designation of the place of trial, then such party shall file a motion to that effect, stating fully the reasons therefor. * * *
A taxpayer's preference as to the place of trial normally will be respected for the purpose of enabling taxpayers to appear before the Court with as little inconvenience and expense as is practicable. The terms "reasonable opportunity" and "as is practicable" set forth in section 7446 provide *429 the Court with some flexibility in the determination as to whether to grant or change the designation of the place of trial. Thus, the decision to grant a petitioner's request for place of trial is not made in a vacuum. The designation of place of trial by a petitioner is not absolute, but must be considered in the context of the administration of the thousands of cases pending in this Court. The request for place of trial may also be affected by consideration of other matters within the scope of our Rules, including the question of consolidation. Respondent maintains, and Bernard agrees, that consolidation of the two cases will promote judicial economy by avoiding separate trials involving the presentation of nearly identical issues of fact and law, witnesses, and documentary evidence. In addition, they contend that if these cases are consolidated, any trial should be held in New York, New York, where petitioners and the vast majority of the witnesses reside. While conceding that the two cases involve common issues of fact and law, Morris objects to consolidation on the ground that the issues raised in the two cases are not wholly identical. In particular, Morris emphasizes that *430 a prominent issue in Bernard's case involves a personal note from Bernard to one of his controlled companies--an issue that does not arise in his own case and an issue with respect to which he has no information. Morris also asserts that it would be unfair to force him to bear the additional expense of rebutting Bernard's case with regard to those issues that do not arise in his own case while respondent is permitted to take the position of a stakeholder. Further, Morris states that if the cases are consolidated, the Court should be prepared to permit him to engage in very broad discovery to educate himself with respect to Bernard's reporting position. Considering all of the circumstances, we are persuaded that consolidation is warranted. Although the issues raised in these two cases are not identical, we find that the common issues represent a substantial portion of the disputed deficiencies. As we see it, consolidation will permit the orderly and efficient presentation of these cases at trial with the concomitant effect of promoting judicial economy and minimizing the time and expense that the parties would otherwise incur in pursuing separate trials. We note that while respondent *431 may be in the position of a stakeholder with regard to some of the issues, the burden on petitioners remains the same; that is, to establish that respondent's determination is erroneous. Certainly Morris has no such obligation or burden with respect to issues raised in Bernard's case which have no impact on Morris. Having resolved that the two cases should be consolidated for trial, we must balance the prospect of consolidation with Morris' designation of Washington, D.C., as the place of trial. In this regard, we note that Morris' only connection with Washington, D.C., is his counsel. Both Bernard and Morris reside in the New York area, counsel for respondent currently assigned this case is in New York, the transactions occurred in New York,and potential witnesses reside in the New York area. Morris has failed to articulate any compelling reason why the trial of his case should be conducted in Washington, D.C., as opposed to New York, New York, and we see no substantial prejudice to Morris in changing the place of trial. Accordingly, under these circumstances we will grant respondent's motion to change place of trial and further grant respondent's motion to consolidate these cases *432 for trial. To reflect the foregoing, An order will be issued granting both respondent's Motion to Consolidate and respondent's Motion to Change Place of Trial. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩